*Shelby Myrick, Edwin A. Cohen,* contra.

---

## 12337.   DAVIS *v.* THE STATE.

A conviction under the motor-vehicle act of 1915 (Ga. L. Ex. Sess. 1915, p. 110, sec. 8), upon the charge of having operated an automobile without a tag-number plate on the rear of it, was authorized by the evidence. LUKE, J., dissents.

DECIDED NOVEMBER 16, 1921.

Accusation of misdemeanor; from city court of Tifton — Judge Price.   March 7, 1921.

*Fulwood & Hargrett,* for plaintiff in error.

*R. E. Dinsmore, solicitor,* contra.

PER CURIAM.   The evidence in this case authorized the conviction of the defendant.   It was not error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur. Luke, J., dissents.*

LUKE, J. I cannot concur in the judgment of affirmance in this case. The defendant was accused and convicted of having operated an automobile over the highways of Tift county without having placed on the rear of the automobile a tag-number plate. The evidence, both for the State and the defendant, was uncontradicted, and was in substance as follows: The defendant had paid the license-tax, as required by law, to operate the automobile over the highways of the State. He had been furnished with two tags, one a small disk and the other a large tag to be displayed on the rear of his car, each of the tags carrying his license number and indicating his payment of the license-tax. On the night before his arrest the tag displayed on the rear of his car was lost. He lived in the country, and he drove his car from his home in the country to the City of Tifton, and went at once to the sheriff and told him that he had lost the tag from his automobile, and inquired how he could procure a duplicate. The sheriff gave him instructions about how to get the duplicate tag for his car. The defendant inquired of the sheriff if it was all right to operate the car until the duplicate tag could be sent to him from the secretary of State's office. The sheriff told him that it would be all right. He met a county policeman and stated to him the situation, and stated what he was doing and what the sheriff had advised him to do. The county policeman asked him if he had driven the truck from his farm to town on that morning without the tag being displayed on the rear of the truck. He stated to the policeman that he had. The policeman then stated to him that he would have to swear out a warrant for him and have him tried for violating the automobile law. He was arrested and upon this evidence was convicted.

I do not concur in the judgment of affirmance, for the reason that there was no criminal intention upon the part of this defendant to violate a public law. He had paid his tax and by accident had lost the number off the rear of the car, and was doing everything in his power and moving immediately to procure the duplicate for which the law provides in the event of loss of the original.